**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LORIE A. SMILEY,

       Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

CIVIL CASE NO. 06-13403
HON. MARIANNE O. BATTANI

_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Plaintiff Lorie Smiley brings this action under 42 U.S.C. § 405(g) challenging a final decision of defendant Commissioner denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under sections 216(I) and 223 of the Social Security Act. Smiley filed applications for benefits on March 31, 2003, claiming that she became unable to work as of January 1, 1999, due to poor circulation in her legs, migraine headaches, arthritis in her left knee, carpal tunnel syndrome, diabetes mellitus, and depression. Admin. R. 13. She has a high school diploma and completed a Chrysler training program. Her work history includes employment as a chore worker, janitor, health care aide, and school home room aide.

The Social Security Administration ("SSA") initially denied her claim. Admin. R. 23. She then requested a hearing before an administrative law judge ("ALJ"). Admin. R. 7. The hearing was held on August 31, 2005, before ALJ Kathryn D. Burgchardt. Admin. R. 12. Smiley, represented by counsel, appeared and testified at the hearing. The ALJ also took testimony from a vocational expert ("VE").

On February 4, 2006, the ALJ issued a decision denying her claim. Admin. R. 19. The ALJ determined that Smiley suffered from right carpal tunnel syndrome, possible peripheral neuropathy in her legs, and migraine headaches. Id. The ALJ also determined that her impairments were severe within the meaning of 20 C.F.R. §§ 404.1520, 416.920, but that she did not have an impairment or combination of impairments that met or equaled any impairment listed in Appendix 1, Subpart P of the Social Security Regulations. Id. The ALJ concluded that Smiley retained the capacity to perform a significant range of light and sedentary work that existed in significant numbers in the regional and national economies. Accordingly, the ALJ found that Smiley was not "disabled" within the meaning of the Social Security Act.

Smiley filed a request for review of the ALJ's decision with the SSA's Appeals Council. Admin. R. 4. The Appeals Council denied the request on June 21, 2006. Admin. R. 4-6. The ALJ's decision thus became the final decision of the Commissioner. On July 27, 2006, Smiley filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The case was referred to Magistrate Judge Steven D. Pepe pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed cross-motions for summary judgment. The Magistrate Judge issued a Report and Recommendation ("R&R") on June 29, 2007, recommending that Smiley's motion for summary judgment be denied, and that the Commissioner's motion for summary judgment be granted.

The Magistrate Judge found that the hypothetical questions the ALJ's posed to the VE constituted substantial evidence of Smiley's Residual Functional Capacity ("RFC") because the hypothetical questions accurately described her limitations. The Magistrate Judge also found that despite an inconsistency with the reviewing psychologist's findings in a check-box portion of the review forms, doctor's assessment of Smiley's mental RFC was substantial evidence that she was not significantly limited in her abilities to maintain concentration for extended periods, sustain an ordinary routine without special supervision, or perform at a consistent pace in a normal workweek. Next, the Magistrate Judge found that Smiley's argument that her alleged conditions are disabling in part because she is unable to afford treatment was without merit because there is no evidence to support such an assertion. Finally, the Magistrate Judge found that the ALJ did not fail to develop the record because the ALJ granted two, thirty-day extensions to Smiley's counsel. Despite Smiley's failure to present any new medical evidence, the ALJ did not issue her decision until more than one hundred days after the first extension was requested. The Magistrate Judge found that it was not unreasonable for the ALJ to assume that Smiley had seen her treating physicians multiple times in the four months since the extension was requested, and that nothing in their records would aid Smiley's case if her counsel had not provided them, did not seek help in receiving those records, and her attorney did not specify the relevance of the medical records the ALJ was asked to review.

On July 6, 2007, Smiley filed Objections to the R&R, contending that the medical evidence of record does not support a finding that she has the capacity to perform light work. Smiley also contends that the Magistrate Judge erroneously concluded that a non-examining psychologist's opinion regarding Smiley's ability to maintain concentration for extended periods

3

is insufficient to discount the hands-on, reviewing examination of a psychiatrist, who reported that she was unable to handle her benefit funds.

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

Judicial review in a social security appeal is limited to determining whether there is substantial evidence supporting the ALJ's decision and whether the judge applied the correct legal standards in reaching that decision. Elam v. Comm'r of Soc. Sec., 348 F.3d 124,125 (6th Cir. 2003), 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). If substantial evidence supports a denial of benefits, that decision is not subject to reversal, even if the reviewing court determines that substantial evidence supports a contrary decision. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

When determining whether the decision is supported by substantial evidence, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Mullen, 800 F.2d at 545 (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1971)). However, the court may not review the evidence *de novo*, make determinations of credibility, or weigh the evidence. Brainard v. Sec'y of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). Consequently, the substantial evidence standard accords "considerable latitude to administrative decision makers," as "[i]t presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." Mullen, 800 at 545 (citations and internal quotations omitted).

### III. STATEMENT OF FACTS

The Court adopts the detailed recitation of facts in the Magistrate Judge's R&R.

### IV. ANALYSIS

Smiley first objects to the Magistrate Judge's finding that the medical evidence of record supported an RFC for light work. To support this argument, she notes that the consultative examiner found the range of motion in her left knee was limited, that she had crepitus in her left knee, peripheral vascular disease, and complaints that were consistent with claudication. However, Smiley offers no law, argument, or evidence as to how the presence of these conditions undermines the ALJ's findings that she could perform a range of light work based on numerous factors listed in the decision. "'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997)

(quoting Citizens Awareness Network, Inc. v. U.S. Nuclear Regulatory Comm'n, 59 F.3d 284, 293-94 (1st Cir. 1995) (citation omitted)); accord U.S. v. Hayter Oil Co., 51 F.3d 1265, 1269 (6th Cir. 1995); U.S. v. Phibbs, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993). Therefore, the Court finds that Smiley's first objection to the Magistrate Judge's R&R is deemed waived.

Smiley also contends that the Magistrate Judge erroneously concluded that a non-examining psychologist's opinion regarding Smiley's ability to maintain concentration for extended periods is insufficient to discount the hands-on, reviewing examination of a psychiatrist, who reported that she was unable to handle her benefit funds. According to Smiley, there is insufficient evidence in the record to support the ALJ's determination of her mental ability to function.

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk, 667 F.2d at 535. When determining whether there is substantial evidence that Smiley is able to maintain concentration in order to complete simple and unskilled work, the Court must take into consideration the entire record. See Mullen, 800 F.2d at 545. When looking at the entire record, the Court is mindful that the substantial evidence standard accords "considerable latitude to administrative decision makers," as "[i]t presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." Mullen, 800 at 545 (citations and internal quotations omitted).

The Court first notes that Dr. Kumar was not a treating physician. Dr. Kumar, a psychiatrist, examined Smiley once in his role as a state-agency doctor. Smiley argues that the Sixth Circuit has held that the testimony of a medical advisor, which is based on a review of medical records, is entitled to less weight than the opinions of examining physicians. However,

6

the case cited as support of this argument, Sherrill v. Sec'y of Health & Human Servs., 757 F.2d 803 (6th Cir. 1985), lends little support. In Sherrill, the Sixth Circuit held that the ambivalent testimony of an internist regarding the claimant's psychological impairments was not substantial evidence to support a finding that the claimant was not disabled in light of other evidence offered by psychiatrists who stated that the claimant was disabled because of her psychiatric impairment and had examined the claimant for a period of time. Id., at 805. "The opinion of a treating physician is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (quoting Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987) (citations omitted)). In this case, a psychologist conducted a record review and did not give an ambivalent opinion as to any limitations caused by her mental impairments. Nor is there an opinion from a treating psychologist or psychiatrist that she is unable to work due to her mental impairments. In addition, a conclusion of an examining psychologist that a claimant is not capable of engaging in any substantial work activity is a legal conclusion that is not binding on the ALJ in social security disability benefits proceeding. 20 C.F.R. § 404.1526, Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 452 (6th Cir. 1986). Therefore, Dr. Kumar's opinion is not entitled to any special consideration.

     Nevertheless, the Court must still determine if substantial evidence supports the ALJ's findings regarding Smiley's mental RFC. The Court finds that substantial evidence supports the ALJ's determination that Smiley could maintain the concentration necessary to perform a range of unskilled, simple work. First, besides the opinion of Dr. Kumar, there is no medical evidence of any mental impairments that would limit her ability to maintain the concentration, persistence,

or pace required to perform simple, unskilled work. Moreover, Smiley never complained that she was unable to work due to mental impairments. According to her, the only illness, injury, or conditions preventing her from working were physical problems: namely, diabetes, poor vision and circulation, carpal tunnel syndrome, migraines, and arthritis in her knees. Admin. R. 62, Disability Report, Admin. R. at 148-49. She also testified that she was not depressed, and has never been treated for depression. Admin. R. at 163.

In addition, Dr. Kumar never came to an explicit conclusion that Smiley was unable to work due to her inability to maintain the concentration, persistence or pace required to perform simple, unskilled work. His conclusion that Smiley would be unable to keep a job is merely implied by his assignment of a global assessment of functioning ("GAF") score of 45. However, as noted in the Magistrate Judge's R&R, the GAF is a subjective assessment, and the score assigned by Dr. Kumar is largely a function of Smiley's reported aversion to socializing with people other than family, and her preference to be alone. "The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference. This is true, however, only if the treating physician's opinion is based on sufficient medical data." Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). In this case, not only is Dr. Kumar not a treating physician, there is no medical data supporting the assigned GAF score.

On the other hand, Dr. Tripp's assessment of Smiley's ability to maintain the concentration, persistence, and pace necessary to perform simple, unskilled work is supported by record evidence. "Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent
8

with it." Morgan, 169 F.3d at 600. Before applying for disability benefits, Smiley was employed as a health aide until sometime in 2000, and previously worked as a school aide. However, she claims she became disabled on January 1, 1999, due to diabetes, poor vision, poor circulation, and carpal tunnel syndrome. Moreover, she stated in her Disability Report that she is able to do household chores such as vacuuming, childcare, mopping, washing dishes, and doing laundry on a daily basis. Admin. R. 92-96. Therefore, because Dr. Tripp's assessment is supported by other evidence in the record, and is consistent with that evidence, the ALJ's determination that Smiley is possesses the mental RFC to maintain the concentration, persistence, and pace to perform unskilled, simple work is supported by substantial evidence.

## IV. CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** Defendant's Motion for Summary Judgment, and **DENIES** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                s/Marianne O. Battani
                MARIANNE O. BATTANI
                UNITED STATES DISTRICT JUDGE

DATED: **August 15, 2007**

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

                s/Bernadette M. Thebolt

DEPUTY CLERK